IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANNER ARIEL CORDON-SALGUERO, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-25-1626 |
| KRISTI NOEM, ET AL, | * | |
| Respondents. | * | |

\*\*\*

## ORDER

The court received a Petition for Writ of Habeas Corpus filed on May 20, 2025. (ECF No. 1, the "Motion."). No response has been filed, and the Court is unaware of whether service has been perfected.

Petitioner Anner Ariel Cordon-Salguero initiated this action with a petition for Writ of Habeas Corpus on May 20, 2025, seeking, <u>inter alia</u>, a writ of habeas corpus ordering Petitioner's immediate release from custody of United States Immigration and Customs Enforcement ("ICE") and an order enjoining Respondents from removing Petitioner from the continental United States during the pendency of this action.

Petitioner is an individual civilly detained and confined by ICE. He challenges the lawfulness of his detention and Respondents proposed deportation of him person to Guatemala. Petitioner seeks to enjoin his removal from the continental United States during the pendency of this action.

The All Writs Act permits courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Further, the Supreme Court recognizes "a limited judicial power to preserve the court's jurisdiction

or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels." F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (citing cases).[1]

In order to preserve existing conditions (i.e., the status quo) and the potential jurisdiction of this court over this matter while the court determines the scope of its authority to grant the requested relief; to ensure Petitioner is able to participate in the adjudication of his request for habeas and other relief, including participation in court proceedings and access to legal counsel for such purpose; to ensure the court is able to evaluate his claim for relief based on his in-court testimony that may be offered; and to ensure the Government has a fulsome opportunity to brief and present arguments in its defense:

It is this 21st day of May 2025, in accordance with the court's authority under the All Writs Act, 28 U.S.C. § 1651(a):

**ORDERED** that Respondents, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them (the "Enjoined Parties"),

---

[1] See also D.V.D. v. U.S. Department of Homeland Security, No. 25-10676, 2025 WL 1142968, * 11, *24 (D. Mass. Apr. 18, 2025) (certifying a class defined as "all individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed"; and issuing a preliminary injunction requiring that "prior to removing any alien to a third country, i.e., any country not explicitly provided for on the alien's order of removal, Defendants must: (1) provide written notice to the alien—and the alien's immigration counsel, if any—of the third country to which the alien may be removed, in a language the alien can understand; (2) provide meaningful opportunity for the alien to raise a fear of return for eligibility for CAT protections; (3) move to reopen the proceedings if the alien demonstrates 'reasonable fear'; and (4) if the alien is not found to have demonstrated 'reasonable fear,' provide meaningful opportunity, and a minimum of 15 days, for that alien to seek to move to reopen immigration proceedings to challenge the potential third-country removal.") At this juncture of the case, it is unclear if Petitioner is a member of the class certified by Judge Murphy in D.V.D.

are enjoined from removing Petitioner from the continental United States during the pendency of this action subject to further order of this court; and further it is

**ORDERED** that counsel for Respondents shall ensure a copy of this order is immediately and without delay transmitted to all necessary individuals to ensure strict compliance with this order; and counsel shall certify by written filing no later than Thursday, May 22, 2025, at 12:00PM, that he has done so. Counsel's certification shall be filed via ECF and transmitted via email to counsel for Petitioner and chambers; and further it is

**ORDERED** that subsequent to service of this Order, counsel for the Parties shall confer regarding a briefing schedule related to written responses and replies to the Petition for Writ of Habeas Corpus as well as whether a hearing is necessary on or before 4:30pm May 28, 2025; and further it is

**ORDERED** that the Clerk's office is directed to forward this Order to the United States Attorney for the District of Maryland and Assistant United States Attorney Thomas Corcoran, Esquire.

/s/
George L. Russell III
Chief United States District Judge

May 21, 2025
TIME: 3:37 pm